United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Rafael Abreu, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-20080-Civ-Scola |
| | ) |
| Sterling Jewelers Inc., Defendant. | ) |

### Order to Show Cause Why This Case Should Not Be Dismissed for Lack of Subject Matter Jurisdiction

  This matter is before the Court upon an independent review of the record. "As federal courts, we are courts of limited jurisdiction, deriving our power solely from Article III of the Constitution and from the legislative acts of Congress," and "we are bound to assure ourselves of jurisdiction even if the parties fail to raise the issue." *Harris v. United States*, 149 F.3d 1304, 1308 (11th Cir. 1998). In addition, "a jurisdictional defect cannot be waived by the parties and may be raised at any point during litigation." *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005).

  On January 9, 2023, the Defendant Sterling Jewelers Inc. ("Sterling") filed a notice of removal purporting to remove the instant case from Florida state court to federal court. (ECF No. 1.) The notice of removal alleges subject matter jurisdiction based on diversity pursuant to 28 U.S.C. § 1332. (*Id.* at 2.) However, for the reasons stated below, it is unclear whether the Court has diversity jurisdiction.

  28 U.S.C. § 1332(a)(1) provides, in relevant part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" "[I]t is the burden of the party seeking federal jurisdiction to demonstrate that diversity exists by a preponderance of the evidence." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); s*ee Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001) (the removing party has the burden of proving that federal jurisdiction exists by a preponderance of the evidence and the removing party must present facts establishing its right to remove).

  In its notice of removal, Sterling alleges that complete diversity of citizenship exists because it is neither incorporated in Florida, nor does it have a principal place of business in Florida, and the Plaintiff Jose Rafael Abreu is a resident of Florida. However, under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his

residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Thus, because Sterling has failed to adequately state the citizenship of Mr. Abreu, the Court is unable to determine whether it has jurisdiction to proceed.

Accordingly, it is hereby **ordered** that by March 28, 2023, Sterling shall **show cause** why this matter should not be dismissed for lack of subject matter jurisdiction. Failure to respond within the time provided will result in the dismissal of this case without further notice.

**Done and ordered** in Miami, Florida, on March 21, 2023.

Robert N. Scola, Jr.
United States District Judge