United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Jose Rafael Abreu, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 23-20080-Civ-Scola |
| | ) |
| Sterling Jewelers Inc., Defendant. | ) |

**Order on Motion to Dismiss**

This matter is before the Court on the Defendant Sterling Jewelers, Inc.'s ("Sterling") motion to dismiss the Plaintiff Jose Rafael Abreu's ("Abreu") complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6). (Mot., ECF No. 5.) Abreu has responded to the motion, and Sterling has replied. (Resp., ECF No. 7; Reply, ECF No. 8.) Having reviewed the record, the parties' briefs, and the relevant legal authorities, the Court **grants in part and denies in part** the motion. (**Mot., ECF No. 5**.)

1. **Background**[1]

This matter arises from Abreu's alleged discrimination by Sterling, his former employer. Abreu worked for Sterling from October of 2006 to November of 2020, when he was terminated by his supervisor, Diana Fonseca ("Fonseca"). (Compl. ¶¶ 9–10, ECF No. 20-3.) Abreu claims that Fonseca fired him because she was biased against him due to his age and Dominican background. (*Id.* ¶ 15.) He alleges, for example, that Fonseca justified his termination by claiming he was unable to adapt and too slow due to his age, and that Fonseca would make inappropriate comments about the manner of his dress and his Dominican accent. (*Id.* ¶¶ 13–14.)

Based on the foregoing, on December 26, 2020, Abreu filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), which was assigned charge number 510-2021-01626. (*Id.* ¶¶ 7, 17.) However, this is where Abreu's account of his EEC proceeding begins and ends. On November 9, 2022, he filed the instant action against Sterling, seeking declaratory and injunctive relief and damages pursuant to the Florida Civil

---

[1] This background is based on the allegations in Abreu's complaint. For the purposes of evaluating Sterling's motion, the Court accepts Abreu's factual allegations as true and construes the allegations in the light most favorable to him per Federal Rule of Civil Procedure 12(b)(6).

Rights Act of 1992, Fla. Stat., Chapter 760, *et seq.* ("FCRA").[2] (*Id.* ¶ 1.) Now, Sterling moves to dismiss Abreu's action with prejudice based on the latter's failure to exhaust administrative remedies and the running of the applicable statute of limitations. (Mot., ECF No. 5.)

## 2. Legal Standard

A court considering a motion to dismiss, filed under Federal Rule of Civil Procedure 12(b)(6), must accept all of the complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). Although a pleading need only contain a short and plain statement of the claim showing that the pleader is entitled to relief, a plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)) (internal punctuation omitted). A court must dismiss a plaintiff's claims if she fails to nudge her "claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## 3. Discussion

### A. Exhaustion of Administrative Remedies

Sterling's first argument for dismissal is that Abreu has failed to demonstrate that he has satisfied the FCRA's exhaustion requirements, which is a condition precedent to bringing the instant suit. Abreu counters that he has met all necessary administrative prerequisites by filing a charge of discrimination with the EEOC and allowing it 180 days to conduct its investigation. The Court agrees with Sterling.

"[F]or this Court to have subject matter jurisdiction over [a] [p]laintiff's [FCRA] claims, the administrative remedies must have been exhausted." *Hirsch v. Dominion Enters.*, No. 08-60085-CIV-DIMITROULEAS, 2008 U.S. Dist. LEXIS 130555, at *6 (S.D. Fla. June 27, 2008) (Dimitrouleas, J.) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)). Among other things, this means that "the plaintiff must first file a complaint with the Florida Commission on Human Relations ("FCHR")." *Huenefeld v. Nat'l Bev. Corp.*, Civil Action No. 16-62881-Civ-Scola, 2017 U.S. Dist. LEXIS 175489, at *10 (S.D. Fla. Oct. 24, 2017)

---

[2] Abreu initially filed his complaint in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, and Sterling removed the case to federal court. (*See* ECF Nos. 1, 20.)

(Scola, J.) (citing *Sheridan v. State of Fla. Dep't of Health*, 182 So.3d 787, 789 (Fla. 1st DCA 2016)). Because the "FCHR and the EEOC have a work[-]sharing arrangement[,]" a complaint based on a violation of the FCRA also may be filed with the EEOC, as "each agency has authorized the other to accept discrimination charges or complaints on the other's behalf." *Huenefeld*, 2017 U.S. Dist. LEXIS 175489, at *10; *see also* Fla. Stat. § 760.11(1). The relevant agency has "180 days [from] the filing of the complaint" to "determine if there is reasonable cause to believe that discriminatory practice has occurred in violation of the [FCRA]." Fla. Stat. § 760.11(3). A plaintiff's next steps depend on the agency's determination. *See generally* Fla. Stat. § 760.11.

Although Abreu makes a conclusory allegation that he has met all conditions precedent to the filing of the instant action, including the exhaustion of all pertinent administrative procedures, his only support is a statement that he filed a charge of discrimination with the EEOC on December 26, 2022, which was assigned charge number 510-2021-01626. (Compl. ¶¶ 6–7, 17 ECF No. 20-3.) Abreu provides no details regarding the nature or content of his filing or, significantly, about how he has satisfied the requirement that he first file a complaint with the FCHR. Indeed, Abreu does not specify whether he requested that the EEOC accept his charge on behalf of the FCHR by dual-filing his complaint or otherwise. *Cf. Wells Fargo Guard Servs. v. Lehman*, 799 So. 2d 252, 253 (Fla. 3d DCA 2001) ("The form [plaintiff] submitted to the EEOC, however, did not specifically request dual-filing with the FCHR as the box which provided for such a request was left blank. In an attempt to correct this omission, [plaintiff's] attorney wrote to the EEOC the next day and requested that the claim be dual filed with the FCHR.").

Accordingly, because the Court is unable to determine whether Abreu has satisfied the FCRA's exhaustion requirements, it dismisses his complaint without prejudice. *See, e.g., Huenefeld*, 2017 U.S. Dist. LEXIS 175489, at *11 (dismissing complaint that failed to include specific allegations concerning the plaintiff's compliance with the FCRA's exhaustion requirement); *Wester v. Datex, Inc.*, No. 8:20-cv-1785-T-33SPF, 2020 U.S. Dist. LEXIS 195850, at *7 (M.D. Fla. Oct. 22, 2020) (same). Abreu may attempt to replead administrative exhaustion in an amended complaint.

### B. Statute of Limitations

Sterling also seeks dismissal on the ground that Abreu's complaint is barred by the applicable statute of limitations. Pointing the Court to a "Dismissal and Notice of Rights" letter issued by the EEOC on Abreu's claim on October 28, 2021, Sterling argues that Abreu's claim is untimely because it was filed over one year after he should have received the letter. (*See* Ex. A to Mot., ECF No. 5-

1.) Abreu responds that his complaint is timely because the applicable statute of limitations is four years. Neither party is correct.

Assuming for purposes of Sterling's motion that the EEOC's October 28, 2021, letter to Abreu contains its reasonable cause determination as required by Fla. Stat. § 760.11(3), the applicable statute of limitations would be provided by § 760.11(8). This is because the letter indicates that the EEOC "w[ould] not proceed further with its investigation" and "ma[de] no determination" as to Abreu's claim, which means that the EEOC "fail[ed] to conciliate or determine whether there is reasonable cause" as contemplated by § 760.11(8). *See generally Woodham v. Blue Cross & Blue Shield of Fla., Inc.*, 829 So. 2d 891, 897 (Fla. 2002); *see also Richardson v. Trainer*, No. 02-60117-CIV-ALTONAGA/B, 2003 U.S. Dist. LEXIS 13829, at *7-9 (S.D. Fla. July 1, 2003) (Altonaga, J.) (EEOC's "Dismissal and Notice of Rights . . . was not the equivalent of a 'no cause' determination by the FCHR; it merely constituted a failure to conciliate or determine whether there was reasonable cause."). § 760.11(8), in turn, specifies that a claimant "must file a civil action *within 1 year after* the date the commission *certifies that the notice was mailed.*" (emphasis added).

Neither party adequately addresses the foregoing requirement in its briefing. While Abreu is incorrect in claiming that the applicable statute of limitations is four years, Sterling is also incorrect in relying on a supposed date by which Abreu purportedly received the letter. There is nothing in the Complaint or in the "Dismissal and Notice of Rights" letter provided by Sterling that definitively points to the date when the notice was mailed. Although the letter is dated October 28, 2023, it may not have been sent to Abreu until some time later. "A statute of limitations defense may be raised in a motion to dismiss only if it is apparent that the claim is time-barred." *Wright v. Greensky, Inc.*, No. 20-cv-62441, 2021 U.S. Dist. LEXIS 206887, at *13 (S.D. Fla. Oct. 26, 2021) (Bloom, J.) (citing *Quire v. Smith*, No. 21-10473, 2021 U.S. App. LEXIS 22647, at *1 (11th Cir. July 30, 2021)). While Sterling *assumes* that the letter was sent to Abreu on October 28, 2023, the Court cannot grant its motion to dismiss based on such guesswork. *See, e.g., Gullo v. Equifax Info. Servs. LLC*, No. 8:15-cv-01312-EAK-MAP, 2016 U.S. Dist. LEXIS 74982, at *8 (M.D. Fla. June 8, 2016) ("A statute of limitations defense is an affirmative defense, . . . and so it must be apparent on the face of the complaint.").

### 4. Conclusion

Accordingly, the Court **grants in part and denies in part** Sterling's motion to dismiss. (**Mot., ECF No. 5**.) Abreu's complaint is dismissed **without prejudice**. If Abreu is able to correct the deficiencies addressed herein, it may file an amended complaint on or before **April 27, 2023**.

**Done and ordered** in Miami, Florida, on April 13, 2023.

_____
Robert N. Scola, Jr.
United States District Judge